SAM. W. BIGHAM v. TALBOT & CROPPER.

(Case No. 1853.)

1. LIMITATION.— Though the running of limitation was once stopped by the institution of this suit, yet the appellant by pleading shifted his ground, abandoning the original cause of action. Afterwards, and when, if limitation had continued to run, the bar would have been complete, he amended again, seeking a recovery on the cause of action originally relied on. *Held*, that limitation applied, and the abandonment of the cause of action first relied on had the same effect regarding limitation as if the suit had never been instituted.

2. EVIDENCE.— A certified copy of a record is better evidence of the contents of that record than the testimony of any witness.

APPEAL from Comanche. Tried below before the Hon. W. A. Blackburn.

Appellees brought suit against appellant, July 13, 1876, to recover certain moneys claimed to be due them as the assignees of a contract made and entered into between appellant and W. H. Woodhouse, concerning the transportation of the United States mail upon certain routes named. The cause was tried and appealed, and was by the supreme court reversed and remanded. See Bigham *v.* Talbot & Cropper, 51 Tex., 450, for statement. After the reversal appellees filed their first amended original answer, to wit, February 9, 1880, and on the same day took judgment by default. Upon appeal, it was held that the amendment set up a new cause of action, and that it was necessary to have service upon Bigham, and the

cause was again reversed and remanded. On September 3, 1883, appellees filed their second original petition, reasserting the cause of action asserted in their original petition, with elaborate allegations as to their intention in filing the first amended petition.

Appellant specially excepted to the amended petition, upon the ground that the cause of action therein asserted appeared from the allegations to be barred; this was overruled, etc. He also answered by general denial, etc.

Verdict and judgment was against Bigham, and he again appealed.

The testimony of the auditor of the treasury department was, over objection, admitted, to show that he was the custodian of the records of that office, and what those records contained, no certified copy from the records being offered in evidence.

*Vardeman & Atkinson*, for appellant, on limitation, cited: Williams *v.* Randon, 10 Tex., 77; Erskine *v.* Wilson, 20 Tex., 80; Rule 14 for District Courts, 47 Tex., 619; Ayres *v.* Cayce, 10 Tex., 107; Henderson *v.* Kissam, 8 Tex., 46; Smith *v.* McGaughey, 13 Tex., 463; Pridgin *v.* Strickland, 8 Tex., 427; Evans *v.* Mills, 16 Tex., 199; Hopkins *v.* Wright, 17 Tex., 37; Irvine *v.* Bastrop, 32 Tex., 485; Bigham *v.* Talbot, 51 Tex., 450; R. S., arts. 13, 17.

*Dudley G. Wooten* and *G. R. Freeman*, for appellees, on limitation, cited: Killebrew *v.* Stockdale, 51 Tex., 529; Lee *v.* Boutwell, 44 Tex., 152; Garrett *v.* Muller, 37 Tex., 589; Hollis *v.* Chapman, 36 Tex., 1; Hill *v.* Clay, 26 Tex., 650; Becton *v.* Alexander, 27 Tex., 659; Thouvenin *v.* Lea, 26 Tex., 612.

Watts, J. Com. App.— This is the third appearance of this case before the supreme court, and each time upon new pleadings by the appellees. They first sued upon the Woodburn contract, as the assignees thereof, claiming a performance upon their part with all its terms. After the case was first reversed and remanded, appellees on, to wit, February 9, 1880, filed their first original amended petition, by which they declared alone upon a contract made by and between appellant and appellees. On the second appeal, it was held that this amended petition set up a new cause of action. Thereafter, on the 3d day of September, 1883, appellees filed their second amended original petition, in which they sue upon the Woodburn contract as the assignees thereof, claiming, as in the original petition, a compliance upon their part with all its terms, and a failure and refusal upon the part of appellant to pay the amounts due thereon. They

also alleged that the Woodburn contract and the several successive assignments and transfers of the same, and attending agreements, were made by and between all the parties at interest, including appellant.

To this last amended petition appellant excepted specially upon the ground that the cause of action therein asserted was, by the affirmative allegations in the amended petition contained, shown to be barred by limitation.

This special exception was by the court overruled and the point saved by bill, and that ruling is now urged as erroneous.

As shown by the amended petition the Woodburn contract was made April 10, 1874; that it was assigned by Woodburn to Overstreet and Talbot, June 18, 1874; that in August, 1874, Overstreet sold and assigned his interest in the contract to appellees.

On the 30th day of June, 1875, the term for carrying the mail as provided for by the Woodburn contract expired; and it is claimed that the money was due to appellees within a reasonable time thereafter.

Now if, as claimed by appellant, the second amended petition asserted a new cause of action, which would be subject to the operation of the statute of limitation, then the exception was certainly well taken, and the court erred in overruling the same.

As heretofore remarked, the cause of action distinctly asserted by the first amended petition was for an amount of money claimed to be due appellees from appellant for carrying the United States mail on certain designated routes, by reason of a contract made and entered into by and between appellees and appellant on the 28th day of October, 1874. While that asserted by the second amended petition was for an amount of money claimed to be due them from appellant for carrying the United States mail upon the same routes, by reason of the contract made and entered into by and between appellant and Woodburn, dated April 10, 1874, and assigned by Woodburn to Overstreet and Talbot, and by Overstreet to Talbot & Cropper. This was also the same cause of action that was asserted by the original petition.

That there are distinct causes of action would seem to admit of no question whatever. If, however, there had been any allegations in the first amended petition in any way retaining, even as part of the cause of action therein asserted, that which was asserted by the original petition, and afterwards reasserted by the second amended petition, that would have been sufficient to prevent the running of the statute after the original petition was filed. But such is not the

fact. The Woodburn contract was entirely abandoned in the first amended petition as constituting the cause of action, except alone as an inducement for the $192 claimed by reason of the acceptance.

That contract is not declared on as constituting the cause of action asserted by the first amendment, so as to retain it before the court as such. The effect of the first amended petition upon that cause of action was the same as if a *non-suit* had been entered. In other words, the statute commenced to run when the money became due, and continued to run until the filing of the second amended petition. From the allegations in this second amended petition it affirmatively appears that about eight years had elapsed between the accrual of the cause of action and the filing of the amendment.

Hence it appears that the special exception is well taken, and that the court erred in overruling the same.

There can be no question but that the objection to the evidence of the witness McGrew was well taken.

A certified copy of the record is higher and better evidence of the contents of the record than the statements of witnesses. The court erred in not excluding that evidence. Stafford *v.* King, 30 Tex.; 257; Williams *v.* Davis, 56 Tex., 250.

Our conclusion is that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted February 6, 1885.]