No. 2293.

FRANK RABB, BY G. A. RABB, GUARDIAN, *v.* M. A. ROGERS ET AL.

1. PARTIES—AMENDMENT.—A suit was filed in the name of "F. A. Rabb, a minor, by his guardian, G. A. Rabb." The petition was amended in the name of "G. A. Rabb, guardian of Frank Rabb," suing for the benefit of his ward; each petition was for the benefit of the ward alone. *Held,* that the amendment did not make a new party plaintiff, and that the guardian was in effect the party plaintiff in each petition.

---

Opinion of the court.

---

2. AMENDMENTS—NOTICE OF.—A defendant who has been cited, but has not answered, must be notified of every amendment which sets up a new cause of action, or requires a more onerous judgment against him; but if he has answered, the only notice to which he is entitled is the order of court granting leave to file the amendment.

3. APPEARANCE.—A motion to quash citation by a defendant when sustained and the cause continued, is equivalent to an entry of appearance by him at that term.

APPEAL from Nueces. Tried below before the Hon. J. C. Russell.

*Stanley Welch,* for appellant, cited Gulf, Colorado and Santa Fe Railway Company v. Styron, 6 Texas Law Review, 380; Western Union Telegraph Company v. Brown, 62 Texas, 536; George v. Telghman, 6 Texas Law Review, 430; Morales v. Fisk, 6 Texas Law Review, 417; Wood v. Huffman, 5 Texas Law Review, 287; State of Texas v. Snyder, 5 Texas Law Review, 757; Hanrick v. Hanrick, 5 Texas Law Review, 334; Nutt & Edwards v. Rylee, 2 Texas Law Review, 146; Millington v. Texas & Pacific Railway Company, 4 Texas Law Review, 143; Ball v. Britton, 58 Texas, 57; Gulf, Colorado and Santa Fe Railway Company v. Doran & Anderson, 3 Texas Law Review, 390; Ward v. Lathrop, 11 Texas, 287; Killebrew v. Stockdale, 51 Texas, 529; Thouvenin v. Lea, 26 Texas, 614; Heard v. Lockett, 20 Texas, 162; Price v. Wiley, 19 Texas, 142; Martel v. Somers, 26 Texas, 558.

*McCampbell & Givens,* for appellee, that the amendment made new parties, and was such as required service, cited DeWalt v. Snow, 25 Texas, 320; Morrison v. Walker, 22 Texas, 18; Hutchinson and wife v. Owen, 20 Texas, 287.

WILLIE, CHIEF JUSTICE. This suit was originally brought by Frank Rabb, a minor, by and through his guardian, G. A. Rabb, against M. A. Rogers, as surviving widow in community of John Rabb, deceased, and bonded as such; and also against her upon her bond as guardian of the person and estate of said minor. Allegations of mismanagement and misappropriation of said community property by Mrs. Rogers, as also of a waste and conversion of her said ward's property, were made in the petition. The plaintiff asked that she be compelled to account as to these estates, as also the estate of his deceased brother, which he al-

leged had also been wasted and misapplied by said defendant. Collins, Gussett, C. M. Rogers and C. C. Heath were made defendants as surities upon the respective bonds of Mrs. Rogers; C. M. Rogers was also charged as her husband with whom she had intermarried whilst in charge of the community property of herself and John Rabb. The pleadings of all the defendants, except N. Gussett, were general and special demurrers and general denials. Gussett moved to quash the original citation, but made no other defense so far as the record shows.

All the citations were quashed and the cause was continued to the next term. At that term the record recites the general demurrer of the defendants came on to be heard and was sustained, and the plaintiff was allowed to amend his pleadings which was accordingly done, and the allegations of the original were changed in the following respects:

1. G. A. Rabb was made a party defendant, as surety on bond.

2. Allegations of change of residence of M. A. and C. M. Rogers were made.

3. Allegations were made that since the marriage of defendant M. A. Rogers with C. M. Rogers, March, 1879, no administration has been had on the estate of John Rabb ; but that in violation of law said defendant Martha A. Rogers, joined by, and with the defendant, C. M. Rogers, had disposed of a large and valuable portion of said estate, invested the moneys thereof, without authority of law, in property out of Nueces county ; had collected and appropriated large sums from pasturage on the lands of said estate ; sold and disposed of cattle and stock ; and failed, and refused, to account for the portion of the same ; and account and exhibit, make of any of the same, of the interest of said minor, Frank Rabb ; and openly avowed their intention to appropriate all of said estate, and the portion of said minor to which he is justly entitled.

4. It was averred that said M. A. Rogers exhibited to the probate court a pretended final exhibit, upon which she obtained a discharge ; and on the twenty-second of November, 1882, plaintiff was appointed guardian, etc., and received from said M. A. Rogers, five thousand and two dollars and sixty-three cents, as shown by final exhibit ; that petitioner, as guardian, etc., caused the pretended final exhibit to be reviewed and reconsidered in said probate court, and, because the same was false, and failed to account for large sums of money due said Frank Rabb's estate, and was unaccompanied with vouchers, the same was set aside, and

defendant M. A. Rogers ordered to make a proper final exhibit of said estate."

5. It was averred that C. M. Rogers had received money for pasturage due the estate, and had failed to account for the minor's portion. This amended petition purports to be the petition of G. A. Rabb, guardian of the estate and person of Frank Rabb, and the recovery sought is for the benefit of said minor.

A few days after this amendment was filed the district judge, of his own notion, and without any objection having been made by the defendants to its being filed and considered by the court, entered the following order :

"It appearing to the court that on a former day of this term, a general demurrer to plaintiff's petition was sustained and plaintiff given leave to amend ; and it further appearing to the court that under said leave plaintiff has filed among the papers of this case an instrument endorsed ' plaintiff's first amended original petition,' which upon examination is considered by the court not such an amendment as can be filed herein, but instead is considered by the court as the institution of an entirely new and distinct suit, entitling defendants to full service of citation, as in other cases, wherefore the plaintiff declining to further amend, and failing to ask for service upon said defendants under his said amendment, it is therefore considered by the court that said original cause, number one thousand six hundred, be and the same is hereby dismissed, and that defendants go hence without day ; and that said defendants recover of said plaintiff all costs in this behalf expended, for which let execution issue." Whereupon the cause was dismissed, and from this judgment of dismissal the present appeal is taken.

This judgment is sought to be sustained here upon the following proposition, viz.:

An amended original petition, which makes entirely new and different parties plaintiff, and makes additional defendants and additional demands which would entitle the appellant to a judgment much more onerous than that which was claimed by the original petition, is such an amendment as should require service as in an original suit.

But the amended petition did not make a new party plaintiff. The original suit was the suit of F. A. Rabb, minor, by his guardian, G. A. Rabb. The amended petition made it the suit of G. A. Rabb, guardian of Frank Rabb, suing for the benefit of his ward. Each petition was filed for the benefit of the minor

alone; was based upon rights which belonged to his estate, and was prosecuted by his guardian; and we can see no substantial difference between the parties plaintiff to the respective suits. If there is any difference, it consists in the substitution of the guardian for the ward as plaintiff in a suit which could and should be prosecuted by the former in behalf of the minor. The recovery in either case is for the benefit of the minor, and the defendants can not object that it was had by the proper party, when they have not, by the change of parties, been deprived of any substantial defense. This court has sanctioned a change of parties from an agent to his principal (Price v. Wiley, 19 Texas, 142); from a party suing for the use of another to the beneficiary of the suit (Martel v. Somers, 26 Texas, 551); and have held that between a suit by a next friend for the benefit of a minor, and a suit of a minor by his next friend, there is no substantial difference. (G. C. & S. F. Ry. Co. v. Styron, 66 Texas, 421.)

The change in this case was of much less importance than in the cases above cited, as the guardian was in effect the party plaintiff in each petition; and the principle upon which the last case rests would have authorized the suit to proceed, whether it were by the minor and through his guardian, or by the guardian for the benefit of the minor. In the following cases, too, much more important changes as to the character in which the plaintiff sued than was made in the present case were sanctioned by this court: 9 Texas, 525; Id., 553; 48 Texas, 555; 12 Texas, 420; 25 Texas, 75; 15 Texas, 127; 8 Texas, 46. We think, therefore, that the court might well have overruled any demurrer which took exception to the party plaintiff in the original petition, and should certainly have allowed the guardian to proceed for the benefit of his ward under the amended petition.

The new party defendant was a surety upon one of Mrs. Rogers's bonds; it was therefore proper that he should be sued as defendant with the other sureties. His presence in the suit did not prejudice his co-defendants; in fact, he was brought in because they had objected to the suit proceeding without him.

But it is a sufficient answer to the entire proposition of the appellees, that, at the time the amended petition was filed, they were in court and had filed demurrers and other defenses to the action. Some of the demurrers had been sustained, and this created a necessity for the amendment. The rule is well established in our State that a defendant who has been cited but has not answered must be notified of every amendment which sets

up a new cause of action, or requires a more onerous judgment against him; but, if he has pleaded to the action, the only notice to which he is entitled is the order of court granting leave to file the amendment. (See authorities in Sayles & Bassett's Pleading and Practice, 549.)

The decisions cited by the appellees in support of their proposition are all cases where the defendant had not answered to the original petition, and a judgment by default was sought against him upon the amendment. (DeWalt v. Snow, 25 Texas, 320; Morrison v. Walker, 22 Texas, 18; Hutchinson v. Owen, 20 Texas, 287.)

In this case all the defendants had pleaded to the original petition except Gussett, and he had filed a motion to quash the citation. This motion was sustained, and the cause continued to the next term. This was equivalent to an entry of an appearance by him at that term. (Rev. Stats., art. 1243.) The judgment then rendered sustained the demurrer of the defendants, and they were then bound to take notice of the pleading which supplied the place of the petition held bad upon their demurrer. Under these circumstances it was certainly error for the court to dismiss the suit because the plaintiff would not again serve process upon the defendants; and especially without request by the defendants, who were in court, and might have preferred to go on with the case. They could waive notice of the amended petition, if notice was necessary, and, had the court allowed them to proceed with the trial and they had done so, all objection to want of notice would have been waived.

It is attempted to sustain the action of the court upon another ground, not assigned below as a reason for the dismissal. It is said that the amended petition shows that Mrs. Rogers is still guardian of Frank Rabb, administering his estate in the county court, and that therefore the district court had no jurisdiction of a suit upon her bond as guardian.

The petition alleges that she had resigned the guardianship and had been discharged by the county court, and that G. A. Rabb was duly appointed guardian in her stead. These averments directly alleged that she was no longer guardian, and are inconsistent with her being such. There can not be two guardians of the same minor claiming in opposition to each other, both recognized as such by the county court. Her statement that she had since been called to account by the new guardian, and ordered by the county court to make a new exhibit in place

of the one upon which she had been discharged, shows that the county court recognized G. A. Rabb to be the guardian, otherwise the order would not have been entered at his request.

If the order was a proper one, it could not have the effect to discharge Rabb and reinstate Mrs. Rogers, for the statute does not allow guardians to be made and unmade in any such manner. If improper it could have no effect upon the right to bring this suit, as it did not change the status of the parties to the proceeding, but the one still remained guardian, and the other discharged from the trust.

It is too clear to require further discussion that the judgment below is erroneous, and it is accordingly reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered February 8, 1887.