GALVESTON, H. & S. A. RY. CO. v.
AFFLECK.

(Court of Civil Appeals of Texas. San Antonio. April 17, 1912. Rehearing Denied May 15, 1912.)

1. LIMITATION OF ACTIONS (§ 127*)—PLEADING—AMENDMENTS—NEW CAUSE OF ACTION.
Where the complaint in justice's court for the value of services was broad enough to cover an express or implied contract and an oral or a written one, amended petitions in the county court on appeal, setting up a verbal contract for the services and performance thereof, and alleging a written contract therefor, but in each demanding a recovery for the reasonable value of the services, did not set up a new cause of action; and the complaint in justice's court prevented the running of limitations as against the causes of action set up in the amended petitions.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 543–547; Dec. Dig. § 127.*]

2. MASTER AND SERVANT (§ 80*)—CONTRACTS—PERFORMANCE—EVIDENCE.
Where the evidence showed that plaintiff wrote to an agent of a railway company, suggesting the preparation of an article for advertising purposes, that the agent expressed satisfaction with the suggestion, and stated that he would be glad to have the article, and that plaintiff thereafter prepared the article and sent it to the agent, who received it, plaintiff was entitled to go to the jury on the issue of his right to recover the reasonable value of the services rendered.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 107–127; Dec. Dig. § 80.*]

Appeal from Bexar County Court; Geo. W. Huntress, Judge.

Action by I. D. Affleck against the Galveston, Harrisburg & San Antonio Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, and Templeton, Brooks, Napier & Ogden and W. F. Ezell, all of San Antonio, for appellant. T. H. Ridgeway and Geo. M. Mayer, both of San Antonio, for appellee.

FLY, J. This cause originated in a justice's court, wherein appellee sued appellant "for $150 for services rendered," and obtained judgment for $75. The cause was appealed to the county court, where appellee filed his first amended original petition, in which it was alleged: "That some time during the month of November, 1906, the exact date of which plaintiff is now unable to allege, a verbal contract was entered into by and between plaintiff and defendant, by which plaintiff was employed by the defendant to write and compile a certain article to be used by the defendant as advertising matter, entitled 'Trail, Traffic, and Transportation.' That, in pursuance of said employment, the plaintiff prepared said article, and delivered the same to the defendant, which was accepted by defendant, and the defendant agreed and obligated itself to pay to the plaintiff the reasonable value thereof, which plaintiff alleges was $150. That by reason of all of which the defendant became liable and promised to pay to the plaintiff said sum of $150, and that, though often requested to pay the same, it has wholly failed and refused so to do, to plaintiff's damage in the sum of $150."

In a second amended petition, it was al-

leged that appellant employed appellee to do certain work, and when it was completed became liable to pay its reasonable value.

On September 25, 1911, a third amended petition was filed, as follows: "That some time during the months of September, October, and November, 1906, but subsequent to September 4, 1906, the exact date of which plaintiff is now unable to allege, plaintiff was employed by the defendant, through its duly authorized agent and employé, T. J. Anderson, to write and compile a certain article to be used by defendant as advertising matter, entitled 'Trail, Traffic, and Transportation.' That defendant then and there promised to pay and became obligated to pay plaintiff the reasonable value of said article and the services and labor performed by plaintiff in preparing and compiling the same. That, in pursuance of said employment, plaintiff prepared and compiled said article, and delivered same to defendant's agent, the said T. J. Anderson, which was accepted by the said T. J. Anderson for the defendant, and plaintiff avers that defendant then and there became liable and promised to pay to plaintiff the reasonable value of said article and the services and labor performed by plaintiff in preparing and compiling the same. Plaintiff avers that said article was submitted to the said T. J. Anderson and accepted by him for the defendant some time in October or November, 1906, the exact date of which acceptance this plaintiff is unable to state. Plaintiff here alleges that the reasonable value of said article and his services in preparing and compiling same, for which defendant became liable, was $150, and that, though often requested to pay the same, the defendant has wholly failed and refused to do so, to plaintiff's damage in the sum of $150."

Appellant pleaded two and four years' limitations, and the question arises: Was there an abandonment of the original cause of action and the setting up of a new one?

[1] The language of the complaint in the justice's court was comprehensive enough to cover the subject of the testimony in this case. It covered the value of services rendered in preparing a pamphlet to be used as an advertisement by appellant. It was broad enough to include an express or implied contract, an oral or a written one. In the first pleadings in the county court, it was averred that a verbal contract was entered into between appellant and appellee, by which the latter was employed to write a certain article; that it was written and delivered to appellant and accepted by it; and that it agreed to pay the reasonable value of the article. To the same general import were the trial amendment and the second and third amended petitions. There was at no time a shifting or change of the cause of action; but it was at all times the value of the services of appellee in preparing certain advertising matter. There can be no doubt that a recovery on the action instituted under the pleading in the justice's court would bar a recovery under any of the pleadings in the county court. In all of the pleadings, the reasonable value of the services of appellee in preparing the advertisement was the matter in issue. The same measure of damages would apply, and the allegations in each pleading could be met by the same defenses.

It is true that in the first amendment the contract was alleged to be verbal, while in the trial amendment it was alleged to be in writing; but the cause of action was the same, nothing but the manner of proof being altered. In the one, appellee sought to recover for his labor in preparing an article; in the other, he sought recovery for the same labor. The rule is, if the first cause of action is retained, even as part of the cause of action asserted in a later pleading, that would be sufficient to prevent the running of the statute after the original petition was filed. Bigham v. Talbot, 63 Tex. 271; Landa v. Obert, 78 Tex. 33, 14 S. W. 297; Cotter v. Parks, 80 Tex. 539, 16 S. W. 307.

In Blum v. Mays, 1 White & W. Civ. Cas. Ct. App. § 475, the plaintiff sued on a verified account, and by amendment declared on a promissory note; and the Court of Appeals held: "The amendment did not set up a new cause of action from that originally declared on. The sworn account was evidence of a debt, and the note was nothing more than evidence of the same debt." Clearly, in the justice's court, appellee could have proved either a written or oral contract; and neither the first amendment nor trial amendment set up anything different therefrom.

[2] The second assignment of error is overruled. Appellee alleged that he was employed to write a certain article, and that appellant promised to pay the reasonable value of the article and the services and labor performed; that the article was prepared and delivered and accepted, but was not paid for. In his testimony, appellee stated that a friend suggested the writing of such an article, and appellee wrote appellant about it. On September 17, 1906, he received a letter from T. J. Anderson, agent of appellant, in which he expressed satisfaction with the idea, and said he would be glad to have the "write-up," and further said: "If you intend to put it in booklet form, send me matter and we will have it printed with cuts of passenger train. Will also make cut of stage coach to correspond. The idea is a good one and we can get a most excellent advertisement out of it." The article was written after that letter was received, and on October 25th was finished, as he wrote Anderson, and sent him the manuscript. Appellee swore that

up to the time he corresponded with Anderson he had not written a line, and when he got the letter from Anderson he did the work. It follows that the contention that appellee "wrote said article and performed the services without any character of contract between him and defendant" cannot be sustained. The evidence met every material allegation in the petition, and the court did not err in submitting the cause to the jury.

The charge is not open to the attacks upon it, and the evidence is ample to sustain the verdict.

The judgment is affirmed.