MAPLE v. SMITH.   (No. 312.)

(Court of Civil Appeals of Texas. El Paso. April 30, 1914. Rehearing Denied May 28, 1914.)

1. APPEAL AND ERROR (§ 544*) — RECORD —
STATEMENT OF FACTS—NECESSITY.

In the absence of a statement of facts, an assignment of error to the ruling, withdrawing from the jury the issue raised by defendant's plea of limitations, must be overruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2415, 2417–2420, 2422–2426, 2428, 2478, 2479; Dec. Dig. § 544.*]

2. LIMITATION OF ACTIONS (§ 127*)—AMEND-
MENT—NEW CAUSE OF ACTION.

Where the original petition was based upon an agreement to divide a commission from a sale of property, an amendment merely stating more accurately and fully the facts relating to the contract originally declared on, and plainly relating to it, was a continuation of the original suit, and not the institution of a new one, so that the action was not barred, though the amended petition was filed after the period of limitation.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 543–547; Dec. Dig. § 127.*]

Appeal from District Court, El Paso County; A. M. Walthall, Judge.

Action by D. B. Smith against H. M. Maple. Judgment for plaintiff, and defendant appeals. Affirmed.

F. G. Morris and Sam B. Gillett, both of El Paso, for appellant. Jno. L. Dyer and C. W. Croom, both of El Paso, for appellee.

HIGGINS, J. The only assignment presented is that the court erred in withdrawing from the jury the issue raised by defendant's plea of limitation; the contention being that the amended petition declared upon a different cause of action from that set up in the original petition, and was filed more than two years after the accrual of the cause of action.

[1] In the absence of a statement of facts, there are various reasons why this assignment of necessity must be overruled, but nevertheless we have. examined the two petitions, and are unable to sustain the contention made.

[2] Both petitions are based upon an alleged agreement of Maple to divide with Smith a commission earned for effecting a sale of certain property owned by one German to L.

E. Booker. They plainly relate to the same transaction. The amendment is a mere amplification of the original pleading, stating more accurately and fully the facts relating to the contract originally declared upon. It must be regarded as a continuation of the original suit, and not the institution of a new one. Townes on Pleading (2d Ed.) 457; Thouvenin v. Lee, 26 Tex. 615; Burton-Lingo Co. v. Beyer, 34 Tex. Civ. App. 276, 78 S. W. 249; Mayes v. Magill, 48 Tex. Civ. App. 548, 107 S. W. 364; Schauer v. Von Schauer, 138 S. W. 147; Goodwin v. Simpson, 136 S. W. 1191; Ry. Co. v. Mitten, 13 Tex. Civ. App. 653, 36 S. W. 285; Bingham v. Talbot, 63 Tex. 273; Cotter v. Parks, 80 Tex. 542, 16 S. W. 307.

Affirmed.