DE BERRY v. CHAMBERS. (No. 1896.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 17, 1918.)

1. APPEAL AND ERROR �köö1041(2)—AMENDING PETITION—SERVICE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1824, authorizing amendments in vacation, etc., a defendant cannot complain that a petition alleging his assumption of purchase-price notes was amended during vacation without service upon him, so as to allege that he had conveyed the land for which the notes were given to other defendants, since such amendment did not affect him.

2. APPEAL AND ERROR ⊦köö293 — RESERVING GROUNDS FOR REVIEW—NEW TRIAL MOTION.

Where the court had jurisdiction of an action on notes, and no fraud, accident, or mistake was shown, defendant must, under the statute, raise the question of errors in the judgment by a new trial application, and, if the application be denied, by an appeal from such denial.

Appeal from District Court, Cherokee County; L. D. Guinn, Judge.

Suit by G. W. De Berry against Roy Chambers. Judgment for defendant, and plaintiff appeals. Affirmed.

---

⊦kööFor other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

D. S. Lewis, by a deed dated July 6, 1914, conveyed 94½ acres of land in Cherokee county to L. F. Weeks, who by a deed dated January 18, 1915, conveyed same to H. B. and Lynn Weathersby, who by a deed dated February 12, 1915, conveyed it to appellant and E. E. Flippen. A part of the consideration for the conveyance to Weeks was his two promissory notes payable to Lewis, aggregating $175, and secured by a vendor's lien retained on the land. As a part of the consideration to Weeks for his conveyance of the land to H. B. and Lynn Weathersby, they assumed the payment of the. notes mentioned above, and as a part of the consideration to them for their conveyance to Flippen and appellant the latter assumed the payment of same. The notes passed into the hands of appellee, who, after they matured, commenced suit thereon in the district court of Cherokee county by a petition filed November 30, 1915. The suit was against one T. B. Weathersby and all the other parties hereinbefore named except Lewis. The recovery sought as against H. B. and Lynn Weathersby and Flippen and appellant was on the assumption by them of the payment of the notes. Citation to appellant on said petition was issued February 7, 1916, to Gregg county, and was served on him in that county March 1, 1916, by delivering to him in person a copy thereof and of said petition. An amended petition was filed April 27, 1916, during the vacation of the court, service of which was not had on appellant. The only difference, it appears, between the two petitions, was that it was alleged in the amended petition, and was not in the original, that Flippen and appellant had conveyed the land to T. B. Weathersby, and that the deed to the latter had been recorded in the deed records of Cherokee county. There was a judgment by default in favor of Chambers against appellant and other parties defendant, except T. B. Weathersby, for the amount due on the notes, and against them and T. B. Weathersby foreclosing the vendor's lien claimed against the land to secure payment of the notes. The suit resulting in the judgment from which this appeal was prosecuted was by appellant against appellee to enjoin the latter "from causing or allowing a levy to be made" on property of the former by virtue of an execution issued on the judgment in appellee's favor against appellant and the other parties mentioned, and "from the enforcement" of that judgment, and for. general relief. The grounds upon which appellant based the right he claimed to relief he sought were (1) the failure of Chambers to notify him of the filing of the amended petition referred to, and (2) proof he alleged he could produce showing that he and Flippen never assumed the payment of the notes sued upon. After granting a temporary injunction as prayed for, the court dissolved it, and rendered judgment refusing appellant any relief.

F. B. Martin, of Longview, for appellant. Lee G. Carter, of Jacksonville, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] It is not contended, and we think could not be reasonably, that the citation and service thereof on appellant did not confer upon the court jurisdiction of his person, so far as the cause of action stated in the original petition was concerned. The contention is that the judgment against appellant was unauthorized, because he was not notified of the filing in vacation of the amended petition. It is not necessary to determine whether appellant would have been entitled on that ground to relief he sought, or not, had it appeared that the amended petition in fact set up a cause of action against him differing from the one set up in the original petition; for it is plain from the record that the amended petition did not do that. The cause of action against appellant stated in the amended petition was identically the same as that stated in the original petition. The only difference between the two petitions was that it was alleged in the amended one, and was not in the original, that the land against which the foreclosure was sought had been conveyed by appellant and Flippen to T. B. Weathersby. It is clear, we think, that this allegation did not concern appellant, and therefore that he was not entitled to complain because he was not notified of the filing of the petition containing it. Article 1824, Vernon's Statutes; Tel. Co. v. Campbell, 41 Tex. Civ. App. 204, 91 S. W. 312; Railway Co. v. Porter, 156 S. W. 267; Rabb v. Rogers, 67 Tex. 335, 3 S. W. 303.

[2] It appearing, as it did, that he had jurisdiction of the suit, and of the parties thereto, prosecuted by appellee against appellant and others, the court had power to render the judgment he did render therein against appellant. If it was erroneous, and we think it was not for any reason appearing in the record before us, appellant should have applied for a new trial as provided by the statute, and, if refused, one should have had the error corrected by an appeal or writ of error prosecuted as authorized by law. No other way to obtain relief against mere error in that judgment was open to him in the absence of a showing that it was rendered as a result of fraud, accident, or mistake and without fault or negligence on his part. Harn v. Phelps, 65 Tex. 592. He neither alleged nor proved that the judgment was the result of either fraud or accident or mistake; and not only did not show that he was without fault or negligence in failing to defend the suit, but, on the contrary, as a witness in his own behalf testified that he "paid no attention to the suit whatever" because he "thought T. B. Weathersby was going to pay and settle it."

There is no error in the judgment from which this appeal is prosecuted. Therefore it is affirmed.