DEAN v. MAXFIELD et al. (No. 6029.)

(Court of Civil Appeals of Texas. Austin. Feb. 12, 1919.)

1. USURY ⬤⟳142(3) — ACTION TO RECOVER STATUTORY PENALTY—PLEADING.

Petition for statutory penalty for collecting and receiving usurious interest *held* not subject to general demurrer.

2. USURY ⬤⟳142(1)—ACTIONS FOR PENALTIES —PARTIES.

In action under Rev. St. 1911, art. 4982, to recover a penalty for collection of usurious interest on notes, paid by plaintiff makers to defendant, since such payments did not inure to benefit of one who had signed notes as surety and paid nothing thereon, he was not a necessary party.

3. USURY ⬤⟳104—RELEASE.

A claim founded upon usury may be compromised, settled, and released.

4. USURY ⬤⟳88—PURGING CONTRACT OF USURY—RENEWAL OF NOTE.

Usury in a note is not purged by giving a new note for the balance due on the first, where the new note was not given in compromise or settlement of claim of usury in the first note.

Appeal from McLennan County Court; James P. Alexander, Judge.

Suit by J. R. Maxfield and another against John M. Dean. Judgment for plaintiffs, and defendant appeals. Affirmed.

Pat M. Neff, of Waco, for appellant.

KEY, C. J. J. R. and Marie S. Maxfield brought this suit against John M. Dean for the recovery of a statutory penalty for collecting and receiving usurious interest. There was a nonjury trial, which resulted in a judgment for the plaintiffs, and the defendant has appealed.

[1] The first assignment of error complains of the action of the trial court in overruling a general demurrer to the plaintiffs' petition. The only proposition submitted under that assignment is that a mere contract to pay usury gives no cause of action; but the usury must actually be paid, and this is not done by the mere giving of new notes. The petition alleges that the plaintiffs executed and delivered to defendant two notes; that there was usury in the first note; that numerous payments were made, and thereafter another note was executed for the same debt, which latter note had been paid by the plaintiffs.

The petition was good against a general demurrer, and the first assignment is overruled.

[2] The second assignment charges that error was committed in overruling appellant's special exception to the petition, based upon the proposition that it showed that

one Thos. S. McCrain was a necessary party to the suit.

While the petition shows that McCrain signed the notes, it alleges that he did so as surety only. Appellees' cause of action is based upon article 4982 of the Revised Statutes, which reads as follows:

"If usurious interest, as defined by the preceding articles, shall hereafter be received or collected upon any contract, either written or verbal, the person or persons paying same, or their legal representatives, may, by action of debt, instituted in any court of this state having jurisdiction thereof, in the county of the defendant's residence, or in the county where such usurious interest shall have been received or collected, or where said contract has been entered into, or where parties paying same reside when such contract was made, within two years after such payment, recover from the person, firm or corporation receiving the same double the amount of such usurious interest so received and collected."

The plaintiffs alleged in their petition that they made the payments of interest which gave rise to the statutory cause of action, and therefore it was not necessary that McCrain should be made a party to the suit. His liability upon the notes was not absolute, but was only conditional upon the failure of the plaintiffs, who were principals upon the note, to pay the same. Therefore the payments made by the plaintiffs did not inure to the benefit of McCrain, and that fact distinguishes this case from Alston v. Orr, 105 S. W. 234, relied on by appellant.

Being only a surety upon the notes, and not having furnished any portion of the funds with which they were paid, McCrain has no cause of action, either severally or jointly, against appellant, and for that reason he was not a necessary party to the suit; and therefore the second assignment is overruled.

[3, 4] The third and last assignment charges that the court erred in rendering judgment for the plaintiffs, because the evidence showed that, if there had been usury at any time in any of the transactions between the plaintiffs and defendant, such transactions were prior "to the making and taking of the note herein sued upon, which as a matter of law purged all usurious transactions so far as the new note was concerned." The only proposition submitted under that assignment is that where there is a settlement, and new note is taken, the usury in the first note is purged.

While the proof shows that the plaintiffs executed two notes to the defendant, the suit is not predicated upon either of the notes, as impliedly stated in the assignment under consideration, but upon the allegations that the defendant had collected and received usurious interest upon those notes. As to the proposition submitted under the assignment, it may be conceded, as held in Stout v. Bank, 69 Tex. 384, 8 S. W. 808, Rushing v. Bank, 162 S. W. 460, and Cotton v. Beatty, 162 S. W. 1007, cited by appellant, that a claim founded upon usury may be compromised, settled, and released; but that rule of law has no application to this case, because the proof entirely fails to show any such compromise or settlement. The undisputed proof shows that on May 11, 1914, the plaintiff J. R. Maxfield became indebted to the defendant, Dean, in the sum of $1,000, and to cover said indebtedness J. R. and Marie S. Maxfield executed to the defendant their promissory note for the sum of $1,100, dated May 1, 1914, and due October 14, 1914, bearing interest at the rate of 10 per cent. per annum from maturity, and providing for 10 per cent. attorney's fees, if placed in the hands of an attorney for collection; that $100 of that note was intended to represent interest from the date of the note to the time of its maturity, which was about 5½ months, which was considerably more than 10 per cent., the maximum amount permitted by law. There was never any settlement which included the plaintiffs' claim, based upon the payment of usurious interest; but after a number of payments had been made, and on August 7, 1915, the same parties executed to defendant another note for the balance due upon the first note, for the sum of $634.75, which was payable in monthly installments of $100 each, and which provided for interest at the rate of 10 per cent. from date, and which the undisputed testimony shows had been paid before this suit was brought. In the meantime, and after maturity, the first note had been placed in the hands of an attorney for collection; but, after allowing the 10 per cent. attorney's fees, the proof shows that the defendant received and collected more than 10 per cent. on the original indebtedness, and it is upon that fact that plaintiffs predicated their right to recover the statutory penalty. There is no assignment charging that the amount of the judgment is excessive, and, there being no proof that the plaintiffs had compromised or released the cause of action here asserted, we overrule the assignment under consideration.

This disposes of all the questions presented in appellant's brief, and, as no reversible error has been pointed out, the judgment is affirmed.

Affirmed.