### RUSS v. MOTOR FINANCE CO.
No. 11079.

Court of Civil Appeals of Texas. Dallas. Nov. 19, 1932.

Rehearing Denied Dec. 17, 1932.

**646**

Geo. Clifton Edwards, of Dallas, for appellant.

John H. Thomas, of Dallas, for appellee.

LOONEY, J.

Mrs. Marguerite Russ sued C. L. Mahaney, a loan broker doing business as Motor Finance Company, to recover penalties and reasonable attorney's fee authorized by statute for the collection of usurious interest. The defendant urged, and the court below sustained, an exception to plaintiff's petition (fifth amendment), and dismissed her suit, from which this appeal is prosecuted.

The exception, while special in form, is general in scope, and reads: "Because it affirmatively appears from paragraph 3 of said petition (i. e., Plaintiff's Fifth Amended Original Petition) that all of the matters and things of which she complains are fully barred by the two years statute of limitation in that said petition sets up a new cause of action against this defendant, showing her claim to be barred, because plaintiff's original petition and her first amended petition, both on file in this cause, based her cause of action upon a transaction had by the plaintiff and her husband, F. A. Russ, on the one side, and this defendant on the other, whereas her second amended petition based her cause of action against this defendant upon a transaction between herself on the one side and this defendant on the other, and in which the said F. A. Russ was not a party, and her third amended petition, filed herein on the 26th day of August, 1930, and her fourth amended petition, filed herein on the 8th day of April, 1931, and her fifth amended petition, to which this exception is levelled, based her cause of action upon a transaction had by the plaintiff and her husband, F. A. Russ, on the one side, and this defendant on the other side, and, therefore, sets up and pleads a different and a new cause of action against this defendant, and which cause of action is shown upon the face of said petition to be fully barred by the two years statute of limitation."

As indicated in the exception, the question decided below, and presented here, is whether the statutory action properly brought by the wife alone, on allegations in the original and first amended petitions to the effect that she and her husband acted jointly in borrowing money and executing the contracts upon which usurious interest was collected from plaintiff, was changed in the second amended petition and a new cause of action set up, by reason of the omission therefrom of all allegations in regard to the husband's participation in the borrowing of money and execution of contracts.

It is conceded that the suit was filed in time to arrest the statute of limitation, and there is no serious contention that the cause of action set up in the original and first amendment was not substantially reiterated in the third and subsequent amendments, but it is contended that the second amendment, by omitting all reference to the husband, as

a participant in the transactions, set up an entirely new cause of action, so that, when the third and subsequent amendments were filed, the bar of two years' limitation was complete; hence the court-did not err in sustaining the exception and dismissing the cause; this, as we gather from the record, presents the decisive question.

▉▉ No recovery being sought upon contract, it is obvious that the suit is not ex contractu in nature, but is purely statutory; the contracts pleaded, upon which the alleged usurious interest was collected, are only collaterally involved, furnishing in part the surrounding or predicate facts, from which the asserted cause of action for the recovery of penalties arose. See Dean v. Maxfield (Tex. Civ. App.) 209 S. W. 466, 467. Although in the second amended petition the description of the contracts involved varies somewhat from that contained in the original pleadings, nevertheless we are of opinion that the cause of action continued in all material respects the same throughout; that is, it begun and remained an action by Mrs. Russ to recover statutory penalties for usurious interest collected from her by the defendant. The liability of defendant was the same, whether, as alleged in the original and first amended petitions, the borrowing of money and the execution of contracts were participated in jointly by Mrs. Russ and her husband, or as alleged in the second amended petition, the transactions were with Mrs. Russ alone; the cause of action asserted in each pleading being the same. Warnock v. Mills (Tex. Com. App.) 291 S. W. 850, and authorities cited.

This is not a question of variance between the allegata and probata, but simply the effect to be given a change in the description of certain contracts collaterally involved wrought by an amendment that omits the name of one of the makers, which, if not corrected by a later amendment, would doubtless present a fatal variance, but we do not think the failure to properly describe the contracts in the amended pleading would change or result in the abandonment of the original cause of action declared upon. See Thompson v. Swearengin, 48 Tex. 555; Rabb v. Rogers, 67 Tex. 335, 339, 3 S. W. 303, 305; Mo. Pac. Ry. Co. v. Smith (Tex. Sup.) 16 S. W. 803, 804; Texas & P. R. Co. v. Johnson (Tex. Civ. App.) 34 S. W. 186, 188.

Appellee also attempts to sustain the action of the court in dismissing the case upon grounds other than those urged in the exception; that is, it is argued that plaintiff, in her original and first amended petitions, alleged a cause of action different from the one set up in her second and subsequent amendments, in that, in the original and first amended petitions, the dates of contracts, the amounts of loans, and the damages claimed, differ from the corresponding allegations of the second and subsequent amendments.

In the original and first amended petitions, plaintiff begins the history of the transactions by alleging that on February 1, 1927, she and her husband borrowed $150 from defendant, evidenced by their note for $207, payable within less than one year, etc.; in the second and subsequent amendments, a somewhat different history of the transactions is detailed, in that, it is alleged that in the latter part of December, 1925, $250 was borrowed from defendant, for the use of which for a period less than one year he exacted $75 interest, etc.; however, the allegation is made in each pleading that, on June 10, 1927, a certain note was executed (description of the transaction being substantially the same in each), into which all accumulated usurious interest was brought forward, which was subsequently paid by plaintiff from her own separate means.

▉ The cause of action alleged in each amendment did not differ in any material sense from the case made in its antecedent, and, under the well-settled doctrine in this state, a different cause of action from the one originally pleaded was not set up in either subsequent pleading. After an exhaustive review of the authorities in point, Judge Powell, in Fuller v. El Paso Times Co. (Tex. Com. App.) 236 S. W. 455, 459, announced the following: "It is only essential that the amended pleading, upon which the trial was had, was not substantially different from some portion of the former pleading. If each of the amended petitions herein contained, even as part of the cause of action therein asserted, substantially similar allegations, there was no new cause of action. This is well settled by our Supreme Court in the case of Bigham v. Talbot, 63 Tex. 271." Also see Warnock v. Mills (Tex. Com. App.) 291 S. W. 850, 855.

Defendant had notice from the beginning and throughout the proceedings that plaintiff was seeking recovery in her own right of statutory penalties for usurious interest collected; that being the gravamen of the complaint in each of the pleadings filed by her. In a like situation, the United States Supreme Court, through Judge Holmes, in New York Central & H. R. R. Co. v. Kinney, 260 U. S. 340, 43 S. Ct. 122, 123, 67 L. Ed. 294, used the following language: "Of course an argument can be made on the other side, but when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of opinion that a liberal rule should be applied."

▉ Accordingly, the case will be reversed, and, as the same will be tried anew, attention is called to the following matters: We gather from plaintiff's allegations that on June 10, 1927 (date of execution of the final note) she paid defendant $121.50, on the im-

mediately preceding note of the series, and, as the amount was sufficient to extinguish the balance of principal ($74.50) unpaid at that time, $47 was left to be applied on the accumulated usurious interest; the balance remaining unpaid on the note, together with additional money borrowed at the time, made up the amount for which the new and final note was executed. Thus it appears that defendant collected from plaintiff $47 usurious interest June 10, 1927, more than two years before the institution of the suit July 30, 1929; hence her right to recover, based upon and measured by such payment is clearly barred. The controlling statute, article 5073, R. S. 1925, provides that: "Within two years after the time that a greater rate of interest than ten per cent shall have been received or collected upon any contract, the person paying the same or his legal representative may by an action · of debt recover double the amount of such interest from the person, firm or corporation receiving the same. * * *" It is obvious that each collection of usurious interest constitutes a matured cause of action in favor of the person paying against the recipient, which must be asserted within two years after the date of payment.

■ Again, it appears that plaintiff is seeking, in the alternative, to recover of defendant, as penalty, four times the amount of the alleged usurious interest collected, on the theory that the statute enacted by the 40th Legislature, 1st O. S., p. 30, c. 17, now article 6165a, Vernon's Ann. Civ. St., regulating loan brokers, authorizes the. imposition of such penalty. Justification for this position is found in the provision that authorizes suit against a loan broker collecting usurious interest "in double the amount now provided by law"; the contention being that this provision authorizes recovery of double the penalty provided in the general usury statute, article 5073, R. S. 1925.

We cannot adopt this construction of the statute. Its language, in our opinion, is not of doubtful meaning, but, even if so, we could not assume that the Legislature would attempt to impose upon loan brokers violating the statute against usury penalties double those visited on the rest of mankind for the same offense; such classification would be without good reason, and the penal provisions of the statute unequal, discriminatory, hence violative of the Constitution. ·

The judgment of the court below is re-

versed, and cause remanded for further proceedings, in harmony with the views here expressed. ✓

Reversed and remanded.

## On Motion for Rehearing.

Appellant contended that, in view of the provisions of the loan broker statute (article 6165a, Vernon's Ann. Civ. St., enacted by. the 40th Legislature, chapter 17, First Called Session, page 30, Session Acts) she was entitled to recover four. times the amount of the alleged usurious interest collected by defendant. In denying this contention, we gave to the loan broker statute a construction in harmony with the general statute on the subject (article 5073).

Appellant also seeks to recover an attorney's fee as provided in article 6165a, and, as this phase of the case was not discussed by us on original submission, appellee challenges the right of appellant to recover the same.

■ The statute in question regulates the business of a loan broker at great length, requiring those pursuing the business to execute a bond in the sum of $1,000 payable to the county judge of the county where the business is located, conditioned that the broker shall comply with all provisions of the act, and authorizing suit on the bond by any person injured or damaged by reason of its breach; also authorizing recovery of a reasonable attorney fee to be allowed by the court, not to exceed the sum of $50. Appellee contends that the attorney fee provisions of the statute is void, or at least that it has no application to the case. We sustain the latter contention; the suit not being upon the bond, we do not think appellant is entitled in any event to recover an attorney's fee, and, in view of the language of the statute, it is doubtful if the bond was intended to do more than protect against the violation of the regulatory provisions of the statute in respects, other than the collection of usurious interest, as that subject was at the time well regulated by other statutes. See title 79, arts. 5069 to 5074, R. S. 1925; however, we leave the point undecided, as the action is not upon the loan broker's bond, and sustain the contention of appellee that an attorney's fee, under the circumstances, is not collectible. Appellee's motion for rehearing is overruled.

Overruled.