**B. F. DITTMAR CO. v. ADLESON et ux.**
**No. 9413.**

Court of Civil Appeals of Texas. San
Antonio.

Oct. 17, 1934.

Rehearing Denied Nov. 14, 1934.

Leo Brewer, of San Antonio, Bascom Cox,
of Brownsville, ·and A. N. Moursund and
Jeffers & Gregg, all of San Antonio, for ap-
pellant.

Duval West, Jr., of San Antonio, and J. P.
Ellis, of San Benito, for appellees.

BICKETT, Chief Justice.

This is an appeal from a judgment which
was rendered in favor of Harry V. Adleson
and wife, Sarah W. Adleson, against B. F.
Dittmar Company, a corporation, for the sum
of $3,852, as a statutory penalty for usurious
interest received, and which was based on
the theory that the borrower under a usuri-
ous note that had been fully paid could claim
a forfeiture of all interest, regard all pay-
ments as upon principal, and recover double
the amount of all payments in excess of the
principal amount.

Harry V. Adleson and Sarah W. Adleson
executed and delivered a promissory note for
the principal sum of $6,000, dated December
9, 1926, payable to B. F. Dittmar Company,
or order, in sixty monthly installments of
$120 each, including interest. At the same
time the Adlesons executed and delivered a
deed of trust, conveying certain property to
Elmer A. Dittmar, trustee, to secure the pay-
ment of the note. B. F. Dittmar Company
paid the sum of $6,000 to the holder of a
prior obligation of the Adlesons, the payment
of which was secured by a builders' and
mechanics' lien on the property, and took a
transfer from such holder of the original
lien. At about the same time the Adlesons
paid to an agent of B. F. Dittmar Company,
as a so-called brokerage or commission, the
sum of $240, which was remitted by the agent
to his principal. Thus the basic transaction
was completed.

All of the installment payments provided
by the note were made by the Adlesons on
or about the respective due dates. The debt
was fully paid according to the terms of the
note. And a release of the debt and lien was
executed and delivered by B. F. Dittmar Com-
pany to the Adlesons.

The judgment has been reduced by a remit-
titur to $3,600 to correct an error in calcula-
tion.

The applicable statutory provisions are
article 5071 and part of article 5073, Revised
Civil Statutes of Texas (1925), which read:

"Art. 5071. The parties to any written
contract may agree to and stipulate for any
rate of interest not exceeding ten per cent

per annum on the amount of the contract; and all written contracts whatsoever, which may in any way, directly or indirectly, provide for a greater rate of interest shall be void and of no effect for the amount or value of the interest only; but the principal sum of money or value of the contract may be received and recovered."

"Art. 5073. Within two years after the time that a greater rate of interest than ten per cent shall have been received or collected upon any contract, the person paying the same or his legal representative may by an action of debt recover double the amount of such interest from the person, firm or corporation receiving the same."

■ The contract is admitted to have been usurious at the outset on account of the bonus or commission charge. The rate of interest provided by the note upon the face is shown to be 9.48 per cent. If the loan be considered as one for $6,000, the addition of the bonus to the interest made the rate 13.48 per cent. paid during the first year of the loan. If the loan be regarded as for the net amount of $5,760, the rate was 11.28 per cent. for that year. Thus, in either view, the contract was inescapably usurious at its inception.

■■ Article 5073 is a statute of limitation, prescribing that there shall be no recovery of the penalty therein provided except as to payments of interest at a rate greater than 10 per cent. per annum paid within two years prior to the institution of the suit for the recovery of such penalty. The undisputed evidence is that the payments were made and received according to the terms of the note; that is, a portion of each payment was applied to principal and the remainder to interest. The segregation of the amounts applied, respectively, to principal and to interest is immaterial here. Suffice it to say, upon the payment of each such amount of interest, the cause of action, if any, to recover the statutory penalty therefor immediately accrued, and upon the expiration of two years became barred. Rhoads v. Bonner (Tex. Civ. App.) 49 S.W.(2d) 502; Ruas v. Motor Finance Co. (Tex. Civ. App.) 55 S.W.(2d) 645; Joy v. Fidelity Finance Co. (Tex. Civ. App.) 60 S.W.(2d) 1041; Rosetti v. Lozano, 96 Tex. 57, 70 S. W. 204.

Moreover, article 5073 imposes the stipulated penalty only in the event that interest at a greater rate than 10 per cent. per annum is received or collected within the two-year period. The evidence shows that the only year in which interest was received or collected in an amount which represented a rate greater than 10 per cent. was the first year of the contract. The excess rate paid in that year was brought about by the collection of the bonus. Thereafter the rate was that resulting from the terms of the contract; that is, 9.48 per cent. per annum, and did not in the aggregate exceed an average of 10 per cent. per annum. The payments made within two years prior to the institution of this action were upon that basis; within that period no payments of interest were received or collected upon a basis in excess of 10 per cent. per annum. Therefore appellees were not entitled to recover anything by way of penalty under this article of the statutes. Cox v. Metropolitan Building & Loan Ass'n (Tex. Civ. App.) 74 S.W.(2d) 323; Hampton v. Guaranty State Building & Loan Ass'n (Tex. Civ. App.) 63 S.W.(2d) 873; Simpson v. Grissom (Tex. Civ. App.) 38 S.W.(2d) 1106; Gunter v. Merchant (Tex. Com. App.) 213 S. W. 604.

■ The penalties for usury provided by article 5071 and article 5073 are separate, and cannot be so compounded as to create a cause of action where none existed under either provision separately. The former article, providing for the forfeiture of all interest, affords a defensive remedy to the borrower; the latter, fixing a penalty of double the interest at a rate greater than 10 per cent. paid within two years, gives an affirmative cause of action to the borrower. In this case, the penalty of forfeiture was inapplicable, because the entire debt, both principal and interest, was already paid; likewise the double recovery penalty was of no force, because there was no interest of the prohibited character received within the statutory period. These two statutes, being penal in their nature, must be strictly construed. There is not to be found in them the theory that the borrower, after full payment of the debt, can consider all payments (although paid and received partly as principal and partly as interest) as applied to principal until that is extinguished, and then contend that the residue of the payments represents interest subject to the double recovery penalty. It is beyond the province of the courts to read into the statutes an intention not written there by the Legislature. Therefore appellees were not entitled to recover upon the attempted combination of the statutory provisions. Joy v. Fidelity Finance Co., supra; Hampton v. Guaranty Bldg. & Loan Ass'n, supra; Noble v. First State Bank of Bishop (Tex. Civ. App.) 69 S.W.(2d) 1114; National

Bond & Mortgage Corporation v. Mahanay (Tex. Civ. App.) 70 S.W.(2d) 236; Wootton v. Jones. (Tex. Civ. App.) 286 S. W. 680; Sugg v. Smith (Tex. Civ. App.) 205 S. W. 363; Stout v. Ennis Nat. Bank, 69 Tex. 384, 8 S. W. 808; Rosetti v. Lozáno, supra.

The judgment of the district court is therefore reversed, and judgment is here rendered that appellees take nothing by their suit.