MEINERS Respondent, vs. THE FREDERICK MILLER BREWING COMPANY, Appellant.

*December 1 — December 16, 1890.*

*Public nuisance: Abatement by private action: Pleading: Prescription: Opening default: Terms: Discretion.*

1. The complaint alleges that the defendants own a brewery and so operate it as to foul the water in certain streams running through and along the plaintiff's premises, and cause the entire neighborhood, and a certain highway therein, and the atmosphere over and around the same, to be tainted and polluted with noxious gases and smells, which annoy and disturb the comfort and endanger the health of all persons residing in the neighborhood. Special injury to the plaintiff, including the depreciation in the value of his property, is also alleged; and in a second count it is alleged that the same nuisance fouls the air in and around the plaintiff's residence, thereby disturbing the comfort of himself and family and endangering their health. *Held,* that the action is not to abate a private nuisance, but is a private action to abate a public nuisance.

2. In such an action the defense of prescription is not available; and, the defendant being in default, it was not error to require that defense to be stricken from the answer before allowing it to be filed.

3. A requirement that the defendant, who was in default, pay the plaintiff $25 as a condition of being allowed to answer, is *held* not to have been an abuse of discretion.

APPEAL from the Circuit Court for *Milwaukee* County.

Action in equity for the abatement of an alleged nuisance. The complaint charges that the defendant owns and maintains a brewery on lands contiguous to the lands and residence of plaintiff, and so operates such brewery as to foul the water in certain streams running along and through plaintiff's premises, and cause the entire neighborhood, and a certain highway therein, and the atmosphere over and around the same, to be tainted and polluted with noxious gases and smells which annoy and disturb the comfort and endanger the health of all persons residing in such neighborhood. It also charges that the plaintiff is specially and

peculiarly injured and damaged by such wrongful acts and omissions of the defendant and the continuance by it of the alleged nuisance, and specifies the particulars of such injury,— one of which is the depreciation of the value of plaintiff's property by reason thereof. In a second count or cause of action it is charged that the same nuisance fouls the air in and around plaintiff's residence, thereby disturbing the comfort of himself and family, and endangering their health.

The defendant failed to answer the complaint within the time allowed by law. It thereupon applied to the court to be allowed to answer, and, in addition to affidavits to excuse its default, tendered a verified answer. With certain exceptions, not necessary to be stated, this proposed answer was substantially a general denial. It also contains the further defense to the alleged cause of action stated in the first count of the complaint, that defendant had continuously occupied and used its premises and brewery in the same manner for more than twenty years. The court granted the motion on the terms that the defendant expunge from its proposed answer the defense of prescription and pay the plaintiff $25. From that portion of the order granting such motion which imposes the above terms, the defendant appeals.

For the appellant there was a brief by *Nath. Pereles & Sons,* attorneys, and *Miller, Noyes & Miller,* of counsel, and oral argument by *Geo. H. Noyes.* They contended, *inter alia,* that the action was to abate a private nuisance, and, the default having worked no harm and being satisfactorily excused, it was an abuse of discretion to deprive the defendant of a valid defense. *Gilchrist v. Gilchrist's Ex'rs,* 44 How. Pr. 317; *Horn v. Brennan,* 46 id. 479; *Smith v. Dragert,* 61 Wis. 222; *Lovett v. Cowman,* 6 Hill, 223; *Gourlay v. Hutton,* 10 Wend. 595. A prescription can be gained for a private nuisance as for any other easement. Cooley,

Torts, 613; Wood, Nuis. secs. 351, 352. And "a prescriptive right may be acquired as against individual rights, by the exercise of a trade that is a public nuisance, in all respects except that which makes it a public offense." Wood, Nuis. sec. 729; *Mills v. Hall*, 9 Wend. 315; *Regina v. Brewster*, 8 U. C. C. P. 208. The requirement of the payment of $25 was harsh and oppressive.

*C. A. Koeffler, Jr.*, for the respondent.

LYON, J. This is essentially an action in equity to procure the abatement of a public or common nuisance, for there can be no doubt the effect of the defendant's acts and omissions charged in the complaint is to create and continue a public, as distinguished from a mere private, nuisance. ' The averments of special and peculiar injury and damage to the plaintiff caused thereby are only necessary to show his right to bring a private action to abate the nuisance. Without them, the complaint would be demurrable. If no person suffers such special injury and damage because of the existence of a public nuisance, the proceeding to abate it must be in behalf of the state. The defense of prescription does not lie either to a public prosecution or a private action to abate a common nuisance. These propositions are too well settled to require discussion or citation of authority.

The *gravamen* of the action is the public nuisance, and the plaintiff must prove its existence or he cannot recover. Under his complaint herein, proof of a private nuisance alone would not sustain a recovery. If he would sue for a mere private nuisance, he must count on that alone. This being an action to abate a common nuisance and nothing more, the defense of prescription is not available. It is said in Wood, Nuis. § 727, that "there can be no prescription for a *public* nuisance of any kind or description, and as to whether or not a person exercising a trade or occupation

which is a public nuisance can acquire a prescriptive right to carry on the same, as against private or individual rights, is a question which, in this country, has never been definitely settled, but I think there can be no question but that, as a result of all the cases, such a right is not generally recognized." We think the rule here suggested is the better one, and do not hesitate to adopt it. Hence, the circuit court did not err in requiring the defendant to expunge that defense from the proposed answer.

The imposition of costs, and the amount thereof, as conditions of granting the motion, are within the sound discretion of the trial court, and cannot properly be interfered with on appeal unless there has been a clear abuse of discretion. Although the terms imposed were quite liberal to the plaintiff, we are unable to say that there was any such abuse in fixing the amount thereof at $25. The learned circuit judge was in a better position to fix the amount properly than we can be on a mere perusal of the record. Besides, the amount is not large, considering the importance of the case, and considering also that facts and circumstances may have existed, not apparent to us, which might properly have influenced his judgment. ·

*By the Court.*— The portion of the order appealed from is affirmed.