CITY OF CORSICANA v. KING et al.
(No. 650.)

Court of Civil Appeals of Texas. Waco.
Feb. 23, 1928.

Rehearing Denied March 15, 1928.

1. Nuisance ⟊75—Landowners owning respective land in severalty could properly join to abate sewage nuisance in pollution of creek waters.

Landowners owning land in severalty and alleging damages to their respective lands because of discharge of sewage in a water course running along or near their lands could properly join in prayer for abatement of nuisance and in prayer for permanent injunction.

2. Municipal corporations ⟊846—Refusal of city's peremptory instruction held proper, where it acquired no vested right by prescription to pollute creek waters.

In landowners' action against city alleging depreciation of value of their improved lands because of city's discharging sewage in a water course running along or near their lands, and joining in prayer for abatement of such nuisance, refusal of city's peremptory instruction was proper where under evidence it acquired no vested right by prescription to discharge sewage into the creek.

3. Nuisance ⟊66—Prescription or lapse of time cannot be relied on to establish right to maintain public nuisance.

Prescription or lapse of time cannot be relied on to establish right to maintain a public nuisance.

4. Nuisance ⟊66—Right to continue nuisance in pollution of water course cannot be acquired by prescription.

Where a water course is polluted to such extent as to create a nuisance therein, nuisance is public one, and no right to continue same can be acquired by prescription.

5. Nuisance ⟊66—When acts which create nuisance are prohibited, no prescriptive right to continue nuisance can be acquired by prescription.

When acts which create a nuisance are prohibited by law, no prescriptive right to continue such acts and the nuisance resulting therefrom can be acquired by prescription.

6. Municipal corporations ⟊838—City could acquire no prescriptive right to pollute stream, which constituted violation of Penal Code (Pen. Code 1925, arts. 697, 698).

No prescriptive right could be acquired by city to pollute waters of creek by emptying sew-

age therein, where discharge of sewage in creek violated Pen. Code 1925, arts. 697, 698, prohibiting pollution of any water course from which water is used for stock or domestic purposes.

**7. Nuisance ⬥65—Nuisance created in violation of Penal Code cannot be permanent unless complaining party elects to so treat it (Pen. Code 1925, arts. 697, 698).**

Nuisance created by discharging sewage in violation of Pen. Code 1925, arts. 697, 698, in waters of a creek, from which water is taken for farm and domestic purposes, cannot be held to be permanent unless complaining party elects to so treat it.

**8. Pleading ⬥248(9)—Trial amendment specifying damage sustained by plaintiffs because of nuisance held not to set up a new cause of action.**

Where in landowners' petition for abatement of a nuisance elements of damage on which recovery was prayed were included in substance, trial court did not err in permitting trial amendment on amplifying ground of recovery and alleging specifically damages sustained by plaintiffs respectively because of nuisance, since amendment did not set up new cause of action.

**9. Pleading ⬥252(1)—Court after allowing amendment properly permitted jury to consider landowners' discomfort in use of property for two years before filing original petition.**

Since trial amendment alleging specifically damages sustained by landowners respectively because of nuisance of pollution of stream did not set up a new cause of action, court did not err in permitting jury to consider inconvenience and discomfort suffered by plaintiffs in use and occupancy of their property for period of two years before filing of original petition instead of limiting it to period of two years before filing of trial amendment.

**10. Nuisance ⬥69—Where acts of different parties contribute to cause nuisance, party sued alone is liable only for injury caused by his own acts.**

Where acts of different parties contribute to cause nuisance, a party sued alone and charged with being responsible therefor is liable only for injury caused by his own acts.

**11. Municipal corporations ⬥846—City was entitled to instruction excluding effect of independent contributing causes to creek pollution for which it was not responsible.**

In suit against city to abate nuisance of stream pollution because of city's discharging sewage therein, where evidence showed that offensive refuse was carried into creek from source for which city was not responsible, city was entitled to instruction to exclude from consideration effect of individual contributing causes for which it was not responsible.

**12. Municipal corporations ⬥845(6)—Charge imposing burden on plaintiffs only to prove existence of nuisance because of discharge of sewage into creek and their damage held error.**

In action against city to abate nuisance caused by discharge of sewage in waters of creek from which landowners had used water for farm and domestic purposes, charge that burden of proof was on plaintiffs to prove conditions alleged in petition, and that burden of proof was on defendant to prove that conditions alleged by plaintiffs were caused by persons and things other than operation of defendant's sewage disposal plant, was error, as imposing on plaintiff only burden to prove existence of nuisance and their damage.

**13. Municipal corporations ⬥846—Plaintiffs were not relieved of burden of proving nuisance because defendant pleaded conditions in creek were attributable to other causes.**

In suit to abate nuisance of stream pollution by discharge of sewage therein by city, plaintiffs were not relieved of burden of proving city's responsibility for nuisance because it pleaded that conditions existing in creek were attributable to causes other than its disposal plant, nor because court charged that burden of proving facts alleged by defendant rested on it.

**14. Appeal and error ⬥1064(1)—Insufficient charge on burden of proof, properly objected to, constitutes reversible error.**

An insufficient charge on the burden of proof, when properly objected to, constitutes reversible error.

**15. Municipal corporations ⬥846—City setting up affirmative defense that nuisance was caused by cause other than maintenance of disposal plant assumed burden to establish facts alleged.**

In action to abate nuisance because of city's discharging sewage from its disposal plant into waters of a creek, city, having interposed affirmative defense by specific plea that acts of other parties contributed to nuisance, assumed burden of establishing facts alleged, and could not complain when court imposed such burden on it by charge.

**16. Nuisance ⬥75—Evidence that acts of other parties caused or contributed to nuisance was admissible under general denial.**

In suit against city to abate nuisance of stream pollution because of disposal of sewage therein, it was unnecessary for city to plead that acts of other parties contributed to nuisance, since testimony to sustain such allegation was admissible under general denial.

Appeal from District Court, Navarro County; Hawkins Scarborough, Judge.

Suit by A. W. King and others against the City of Corsicana. From a judgment for the plaintiffs in separate amounts, defendant appeals. Reversed and remanded.

Callicutt & Upchurch and Taylor & Howell, all of Corsicana, for appellant.

Richard & A. P. Mays, of Corsicana, for appellees.

GALLAGHER, C. J.  This suit was instituted by A. W. King, C. E. King, and J. L. Garvin, appellees herein, against the city of Corsicana, a municipal corporation, appellant herein, to recover damages alleged to

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

have been sustained by them by reason of depreciation in value of their improved lands and personal inconvenience and discomfort suffered in the occupancy of the same, all of which they alleged was caused by the action of appellant in discharging sewage in Post Oak creek, a water course running along or near their said lands. They alleged that said sewage was of such character and was discharged in such quantities as to constitute a nuisance. Appellees joined in a prayer for the abatement of such nuisance. The pleadings of the parties, so far as necessary to the consideration of the issues of law hereinafter discussed, will be recited in connection with each such issue.

The case was submitted to a jury on special issues. Based on the answers of the jury thereto the court rendered judgment in favor of appellee A. W. King for damages in the sum of $4,175, in favor of appellee C. E. King in the sum of $1,500, and in favor of appellee J. L. Garvin in the sum of $1,600, and in favor of all said appellees permanently enjoining, prohibiting, and restraining appellant, city of Corsicana, its officers, agents, servants, and employees, "from maintaining or continuing the nuisance resulting in the pollution of Post Oak creek." Said judgment is here presented for review.

### Opinion.

[1] The city of Corsicana, a municipal corporation, installed a sewer system and began to discharge sewage therefrom into Post Oak creek about 27 years before the time of trial. For many years such sewage was discharged into said creek in its raw state without any attempt at treatment of any kind. Later a sewage disposal plant was installed for the purpose of treating such sewage and neutralizing its offensive and deleterious properties. On or about April, 1925, said plant was materially enlarged and improved. Appellees owned their respective tracts of land in severalty. They alleged that the pollution of said creek produced offensive and obnoxious odors which spread over their said lands and invaded their respective homes situated thereon; that millions of mosquitoes bred therein and swarmed over their properties and into their homes; that as a result of said nuisance their lands had been decreased in value at least 50 per cent., and that the comfortable enjoyment of their homes had been destroyed thereby. Each appellee alleged the amount of land owned by him and sought damages for the depreciation thereof and for inconvenience and discomfort in the occupancy of his home situated thereon. They all, however, joined in the allegation that said nuisance was one which could be abated, and in a prayer for a permanent injunction requiring appellant to abate the same. Appellant filed a plea in abatement alleging a

misjoinder of parties and causes of action. The trial court overruled the same, and such action is presented as ground for reversal. The case of Jung v. Neraz, 71 Tex. 396, 398, 399, 9 S. W. 344, was a suit by a father and two or more adult sons to enjoin as a nuisance the establishment of a cemetery on land in close proximity to their homes. While the title to the land occupied was in the father, his sons maintained separate dwellings thereon and occupied the same with their respective families. Apparently each of the complainants used water from a separate well thereon. The court sustained a special exception on the ground of misjoinder of parties. The Supreme Court in reversing such action said:

"Each and all of the appellants were in possession of the land and premises to be injuriously affected by the proposed location of the cemetery, residing thereon and using water from the wells situated thereon. Each had the right to the enjoyment of his possession, and all had a common interest in protecting their possessions against an act that 'worketh hurt, inconvenience or damage' thereto. We think there was no misjoinder of parties plaintiff, and that the court erred in sustaining the second special exception."

The case of Teel v. Rio Bravo Oil Co., 47 Tex. Civ. App. 153, 104 S. W. 420, was an action for injunction to restrain the pollution of a stream and to recover damages to certain lands resulting therefrom. A part of the lands involved were owned by all of the complainants in common, but two of them each owned tracts of land so involved in severalty. These two complainants, in addition to joining the other complainants in asking for an injunction and in seeking to recover damages for injuries resulting to the lands held in common by reason of the pollution of said stream, also sought to recover damages resulting therefrom to their respective tracts held in severalty. The trial court sustained an exception in so far as recovery for damages to said lands held in severalty was concerned, and the owners thereof assigned error. The Court of Civil Appeals in disposing of said assignment, at page 424 (47 Tex. Civ. App. 162), said:

"We think the trial court erred in this ruling. All of the plaintiffs have a common complaint against the defendants for an injury of the same kind inflicted by the same acts, and they would have the right to join in a suit for injunction to restrain the commission of the acts complained of if none of them owned any of the lands in common. In Strobel's Case [Strobel v. Kerr Salt Co., 164 N. Y. 303, 58 N. E. 142, 51 L. R. A. 687, 79 Am. St. Rep. 643] this was expressly decided. They being entitled as individual owners to join in the suit for injunction to protect the land held by them in severalty from the injury complained of, it would, we think, necessarily follow that in such suit they could also assert their claim for damages suffered by them individually by reason of such injury.

There can be no reason why they should not be allowed in this suit to adjudicate all of their claims against the defendants growing out of the alleged wrongful acts of which complaint is made and against which the injunction is sought. This holding is, we think, required by the rule against a multiplicity of suits."

The distinguishing feature of the case at bar is that injunctive relief, a matter of exclusive equitable cognizance, was sought, and that appellees all joined in seeking the same. In this respect this case differs from the case of Hunt v. Johnson, 106 Tex. 509, 510, 171 S. W. 1125; and other similar cases cited by appellant, and renders the rule announced in those cases inapplicable herein. The trial court did not err in overruling appellant's plea in abatement. Jung v. Neraz, supra; Teel v. Rio Bravo Oil Co., supra; Strobel v. Kerr Salt Co., supra; Edinburg Irr. Co. v. Ledbetter (Tex. Civ. App.) 247 S. W. 335, 343, 344, and authorities there cited; .G. H. & S. A. Ry. Co. v. Dowe, 70 Tex. 5, 7–11, 7 S. W. 368; Supreme Lodge v. Ray (Tex. Civ. App.) 166 S. W. 46, 49; American Smelting & Refining Co. v. Godfrey (C. C. A.) 158 F. 225, 226, par. 7 of syllabus, 14 Ann. Cas. 8; Cloyes v. Middlebury Elect. Co., 80 Vt. 109, 66 A. 1039, 11 L. R. A. (N. S.) 693; State v. Sunapee Dam Co., 72 N. H. 114, 55 A. 899; Pomeroy's Eq. Juris. (4th Ed.) pars. 245, 255, 257, and 269.

[2] Appellant requested the court to charge the jury peremptorily to return a verdict in its favor on the ground that the evidence showed as a matter of law that it had .acquired a right to discharge the sewage, from its sewer system into Post Oak creek by prescription prior to the institution of this suit. The refusal of the court to do so is presented as ground for reversal. This suit was instituted on the 15th day of May, 1924. Appellant pleaded that it installed its sewer system and discharged sewage therefrom into Post Oak creek more than 10 years before the institution of this suit, and that it had acquired a right to do so by prescription. The testimony showed that appellant had caused or permitted the sewage from its system to be discharged into said creek for more than 10 years before the institution of this suit; that said sewage prior to about the year 1917 was discharged into said creek in its raw state; that about the year 1917 a sewage disposal plant was erected at or about the place of discharge; that continuously thereafter an effort had been made to treat said sewage in a modern, scientific manner for the purpose of deodorizing it and rendering it innocuous; that appellant's said plant was enlarged and improved about April 15, 1925. There is testimony tending to. show that from May 15, 1922, two years before the institution of this suit, to the time of trial, the operation of said respective plants was inefficient and had failed to accomplish the pur-

poses intended, and that the sewage discharged therefrom into said creek created a nuisance therein extending from said disposal plant down to and beyond the lands of appellees.

There was evidence tending to show that the population of the city of Corsicana had greatly increased about 1923 as the result of the. discovery of new oil wells in Navarro county, and that there was a corresponding increase in the amount of sewage. There was also testimony tending to show that frequent complaint was made before the city commission about the condition of Post Oak creek on account of the sewage discharged through and from the disposal plant, and that the complainants were assured that the condition so complained of would be remedied. While the jury found that appellant had been discharging sewage into said creek for 27 years, it further found that the amount so discharged had materially increased since May 15, 1922, and that appellant's city commission recognized appellees' right to have said creek kept free from conditions constituting a nuisance as a result of its discharging sewage therein and assured appellees that such conditions would be remedied within 2 years before the filing of this suit.

None of these findings are assailed as being without support in the evidence by any proposition presented by appellant. Post Oak creek runs through the lands of appellee Garvin. The lands of the other appellees either border on said creek or are situated in such close proximity thereto that they are affected by the nuisance found by the jury to have existed in the same manner and probably to the same extent as if they in fact bordered thereon. Appellee Garvin was forced to abandon the use of water of said creek for his stock on account of such nuisance. The proof sustained appellees' allegations that the air was laden with offensive odors in and around the homes of the appellees King and that great swarms of mosquitoes from said creek invaded the homes of all of the appellees. The judgment in favor of the several appellees is the amount which the jury found would properly compensate them for the inconvenience and discomfort so suffered by them, respectively, in the occupancy and enjoyment of their homes, with an additional amount to compensate the appellee Garvin for inconvenience and expense .resulting from being deprived of the use of the waters of said creek for his stock. The court submitted as an issue for determination by the jury whether the city had acquired a prescriptive right to discharge its sewage into said creek by the use thereof for a period of 10 years or more, and the jury answered said issue in the negative. Appellant made no objection to the manner in which this issue was submitted, but limited its complaint to the .contention that the court. should give a peremptory

charge to the jury to find a general verdict in its favor on such issue.

The Penal Code of this state prohibits the pollution of any water course in such manner as to render the same unwholesome or offensive to the inhabitants of the neighborhood thereabout, and makes such an action a penal offense. Penal Code, article 697. This article has been in force as a part of the penal law of this state since 1860. Said Code also prohibits the pollution of any water course from which water is taken for farm livestock, drinking and domestic purposes, by the discharge directly or indirectly of sewage therein by any municipal corporation, and makes such action a penal offense on the part of the mayor and members of the city commission having knowledge thereof. Penal Code, article 698. This provision has been part of the penal laws of this state since 1913.

[3-5] It is said to be the rule universally recognized that prescription or lapse of time cannot be relied on to establish a right to maintain a public nuisance. 20 R. C. L. p. 498, § 114; 29 Cyc. p. 1207. By the weight of authority, where a water course is polluted to such extent as to create a nuisance therein, such nuisance is a public one, and no right to continue same can be acquired by prescription. Mayor of Birmingham v. Land, 137 Ala. 538, 34 So. 613; Nolan v. New Britain, 69 Conn. 668, 38 A. 703; Platt v. City of Waterbury, 72 Conn. 531, 45 A. 154, 48 L. R. A. 691, 77 Am. St. Rep. 335; Lewis v. Stein, 16 Ala. 214, 50 Am. Dec. 177; People v. Gold Run Ditch & Mining Co., 66 Cal. 138, 4 P. 1152, 56 Am. Rep. 88; Bowen v. Wendt, 103 Cal. 236, 37 P. 149; Weeks-Thorn Paper Co. v. Glenside Woolen Mills, 64 Misc. Rep. 205, 118 N. Y. S. 1027, 1034; Woodyear v. Schaefer, 57 Md. 1, 40 Am. Rep. 419; Meiners v. Frederick Miller Brewing Co., 78 Wis. 364, 47 N. W. 430, 10 L. R. A. 586. For additional cases, see 46 A. L. R. note O, p. 69 et seq. Even in those cases holding that a right to continue the pollution of a water course can be acquired by prescription, according to the weight of authority such right does not authorize pollution of a different nature or to any greater extent than at the beginning of the period of limitation. McCallum v. Germantown Water Co., 54 Pa. 40, 93 Am. Dec. 656, 661; Smith v. City of Sedalia, 152 Mo. 283, 53 S. W. 907, 910, 48 L. R. A. 711; Lawton v. Herrick, 83 Conn. 417, 76 A. 986. Both by reason and by the authorities it appears that when the acts which create a nuisance are prohibited by law, no prescriptive right to continue such acts and the nuisance resulting therefrom can be acquired by prescription. Weeks-Thorn Paper Co. v. Glenside Woolen Mills, supra, 64 Misc. Rep. 205, 118 N. Y. S. 1033, 1034; State of Kansas v. Rabinowitz, 85 Kan. 841, 118 P. 1040, 39 L. R. A. (N. S.) 187, 190; Town of Shelby

v. Cleveland Mill & Power Co., 155 N. C. 196, 71 S. E. 218, 35 L. R. A. (N. S.) 488; City of Miles v. Board of Health, 39 Mont. 405, 102 P. 696. The Supreme Court of this state in Rhodes v. Whitehead, 27 Tex. 304, 316, 84 Am. Dec. 611, while recognizing a right or easement to subject the lands of another to a servitude for the holding or discharge of overflow waters, said:

"The right, however, to a nuisance, cannot be acquired by prescription, and if the damming of the water, though in accordance with a prescriptive right, 'worketh hurt, inconvenience, or damage,' to the plaintiff, by creating pools of stagnant and putrid water, or in any manner creating or causing such annoyance as seriously to interfere with the comfortable enjoyment of his property; or that it has a direct or decided tendency to cause sickness in his family or immediate neighborhood,' it is a nuisance of which he may complain."

[6, 7] The Court of Civil Appeals for the Fourth District in Boyd v. Schreiner, 116 S. W. 100, 103 (writ refused), held that though a party might have acquired by prescription a right to maintain a dam across a river, no right was thereby acquired to create a nuisance, either public or private, by its maintenance. The Court of Civil Appeals for the Fifth District in the City of Dallas v. Early, 281 S. W. 883, 885, also held that in this state the right to maintain a nuisance could not be acquired by prescription, and the Supreme Court dismissed an application for writ of error for lack of jurisdiction. We therefore hold that the court did not err in refusing appellant's request for a peremptory instruction in its favor on the ground that it had acquired by prescription a vested right to pollute the waters of said creek. We deem it proper, however, in view of another trial, to state that in our opinion no prescriptive right can be acquired by acts constituting a violation of the articles of the Penal Code above cited, however long continued. Neither do we think that a nuisance created in violation of said articles can be held to be permanent, unless the complaining party elects to so treat it.

[8, 9] Appellant contends that appellees' original petition was insufficient to sustain a recovery in their favor for damages for inconvenience and discomfort in the use and occupancy of their respective lands; that appellees' trial amendment, amplifying such ground of recovery and alleging specifically the damages sustained by them respectively by reason thereof, set up a new cause of action, and that the court erred in permitting the jury to consider such inconvenience and discomfort suffered by appellees in the use and occupancy of their respective homes for a period of two years before the filing of the original petition, instead of limiting such consideration to a period of two years before the filing of such trial amendment. Appellees in their original petition, in addition to

the matters hereinbefore set out, alleged that the conditions complained of had gradually grown worse for several years and for the two preceding years had become intolerable; that the same constituted a nuisance. and a violation of the penal laws of the state; and that unless such nuisance could be abated appellees would be compelled to remove from their respective lands and abandon their homes thereon. Each of appellees, in addition to alleging the value of his lands without such nuisance, alleged the value of his home or homestead and other improvements and the specific sum in which he claimed the same had been damaged by such nuisance. They alleged that unless such nuisance was abated they would suffer irreparable injury. They prayed for injunction restraining appellant from maintaining said nuisance, for damages to their properties and the comfortable enjoyment of their homes. Certain special exceptions having been sustained, appellees by trial amendment alleged specifically that the nuisance complained of was abatable, and specifically alleged that by reason of the conditions caused by such nuisance they and each of them had experienced and been subjected continuously by day and by night to great physical and mental discomfort, and had been vexed, annoyed, and harassed in the use and enjoyment of their respective homes to a degree almost insupportable; that the home life of the appellees King had been destroyed and that one of them had been compelled to remove from his said home; that appelleees were each damaged in separate and specific amounts. The recovery was for inconvenience and discomfort alone. The elements of damage upon which recovery was had were included in substance in the original petition. While the proper measure of damage therefor was not clearly alleged, such allegation was not necessary, and proper recovery therefor could have been had under appellees' prayer for damages to the comfortable enjoyment of their homes and for general relief. The Supreme Court held in Bigham v. Talbot, 63 Tex. 271, 273, that where a part of a cause of action asserted in an original petition was retained and reasserted in an amended pleading, the running of limitation was stopped from and after the filing of such original petition. The court did not err in the rulings complained of. Bigham v. Talbot, supra; Fuller v. El Paso Times Co. (Tex. Com. App.) 236 S. W. 455, 459; St. L. S. W. Ry. Co. v. Jenkins (Tex. Civ. App.) 89 S. W. 1106, 1107; Ara v. Rutland (Tex. Civ. App.) 172 S. W. 993, 994; Morton Salt Co. v. Keele (Tex. Civ. App.) 293 S. W. 224, 225; Black v. Nabarrette (Tex. Civ. App.) 281 S. W. 1087, 1089.

Appellant contends that if it is liable to appellees for any damage, it is liable to them for such damage only as they sustained as the direct and proximate result of the discharge of sewage by it into said creek through its disposal plants or otherwise, and further contends that the charge of the court authorizing the jury in estimating the damage sustained by appellees, respectively, to take into consideration the effect of offensive refuse carried into said creek from other sources, for which it was not in any way responsible nor legally liable and which the testimony tended to show contributed to the condition which existed in said creek and to the annoyance and discomfort, if any, suffered by appellees as the result thereof. The substance of appellees' pleadings has been already set out. Appellant pleaded a general denial; that the damage complained of by appellees was caused by the discharge of refuse matter from slaughterhouses and other sources; the statute of limitation of two years; a prescriptive right to discharge its sewer system into said creek under the 10 years' statute of limitation; and that it had installed and put in operation in April, 1925, the most efficient sewage disposal plant that could be obtained, and that the same purified the water and other matters going through appellant's entire sewer system so that there was absolutely no damage by reason thereof. Both appellees and appellant introduced a considerable volume of testimony tending to sustain their respective allegations.

The jury found that the refuse carried into said creek from slaughterhouses and other sources independent of and aside from the sewage discharged into said creek through appellant's sewer lines and disposal plants did not constitute a nuisance. The jury further found that the sewage disposal plant of appellant, together with such sewer lines as were discharged directly into said creek, constituted a nuisance; that appellant's old sewage disposal plant was insufficient in size and construction to adequately care for the sewage carried through the same from May 15, 1922, to April 15, 1925, the date the new plant went into operation; that such insufficiency was the proximate cause of appellees' damage; that the old disposal plant from May 15, 1922, to the installation of the new plant was not properly maintained nor operated; that the manner in which the same was maintained and operated was the proximate cause of appellees' damages; that the new disposal plant as constructed could be operated without constituting a nuisance; that the new disposal plant since it began operations April 15, 1925, had not been properly maintained and operated; that the manner of maintaining and operating said new plant was the proximate cause of appellees' damages; that the discharge from appellant's said disposal plants was the proximate cause of the damage suffered by appellees; that the diverting of raw sewage from the old and new disposal plants in times of flood water or when repairing said plants. together with

other sewage discharged directly into said creek, constituted a nuisance; that such nuisance was the proximate cause of appellees' damages. The jury further found that appellees had each been damaged in the comfortable enjoyment of his home by reason of the maintenance and operation of the city's sewage disposal plants, together with such sewage as might have been discharged into said creek since May 15, 1922; that the sum of money awarded each of appellees herein would reasonably compensate him for having been disturbed in the comfortable enjoyment of his home since said date.

Appellant objected to the manner in which each of said issues was submitted, on the ground that the same authorized the jury to consider sources of pollution aside from that occasioned by the operation and maintenance of its disposal plants and such raw sewage as it discharged into the waters of said creek, and contended that the court should charge the jury to find and determine from the facts the damages, if any, sustained by appellees by reason of the pollution of said creek by it independent of and aside from any damages occasioned appellees by any contributing causes.

[10, 11] Our Supreme Court held in Sherman Gas & Electric Co. v. Belden, 103 Tex. 59, 63, 123 S. W. 119, 121, 27 L. R. A. (N. S.) 237, that where the acts of different parties contributed to cause a nuisance, a party sued alone and charged with being responsible therefor was liable only for the injury caused by his own acts. Such is the general rule. Sun Co. v. Wyatt, 48 Tex. Civ. App. 349, 107 S. W. 934, 935; Wyatt v. Sun Co. (Tex. Civ. App.) 126 S. W. 1198 (writ refused); Swain v. Tennessee Copper Co., 111 Tenn. 430, 78 S. W. 93, et seq.; Farley v. Crystal Coal & Coke Co., 85 W. Va. 595, 102 S. E. 265, 9 A. L. R. 933, 935–938, and note II, pages 942–944; 21 Am. & Eng. Ency. of Law, p. 719, and notes 9 and 10. Notwithstanding the fact that the sewage discharged into Post Oak creek may have created a nuisance therein, as found by the jury, and may have caused obnoxious odors and swarms of mosquitoes to invade the homes of appellees, thereby annoying and disturbing them in the enjoyment of their said homes, still, if offensive refuse was carried into said creek from other sources and contributed appreciably to render the odors arising therefrom more offensive and obnoxious and to increase the number of mosquitoes, and thereby appreciably increase the annoyance and discomfort suffered by appellees in the use and occupancy of their said homes, appellant would not be liable for the entire damage sustained, but only such damage as resulted directly and proximately from its own acts. The court instructed the jury in determining whether the sewage discharged by appellant into said creek from its disposal plants and from its sewers not connected

therewith created a nuisance in said creek, to exclude from their consideration any offensive refuse carried into said creek from any other source. On all other issues submitted he merely instructed the jury to base their answers on the effect of the sewage deposited in said creek by appellant through its disposal plants or otherwise. Since we have decided that the case should be reversed on another ground, we need not determine whether the submission of the issues in which consideration was restricted to the effect of the sewage discharged into said creek by appellant, was sufficient, notwithstanding said objection, in the absence of a request for the specific exclusion of such contributing causes. Under the authorities above cited, appellant is entitled to have the jury properly instructed in determining all issues affecting its liability, to exclude from consideration the effect of independent contributing causes for which it is not shown to be responsible.

[12] Appellant complains of the charge of the court on the burden of proof. The court instructed the jury that the burden of proof was on appellees to prove by a preponderance of the evidence the conditions alleged in their petition, together with their damages, if any, and that the burden of proof was on appellant to prove by a preponderance of the evidence that such conditions, if any, alleged in appellees' petition as existing in Post Oak creek were caused by persons and things other than the maintenance and operation of appellant's sewage disposal plant, together with such sewage as it had discharged into said creek. Appellant objected to said charges on the ground that same did not properly set out the burden of proof resting upon appellees; that the burden of proof was on appellees throughout the case; that the court should charge the jury that the burden of proof was upon appellees to show that the damages alleged by them were proximately caused by appellant without the aid of any contributing causes; that the same imposed a greater burden upon appellant than authorized by law and would tend to confuse the jury. The right of parties litigant to have a proper charge on the burden of proof is a valuable one. A comprehensive statement of the rule on this subject was made by Mr. Justice Yantis of our Supreme Court in the case of Boswell v. Pannell, 107 Tex. 433, 438, 180 S. W. 593, 595. We quote from the opinion in that case as follows:

"It is an old and well-settled rule that the burden of proof rests upon the plaintiff to establish his case by a preponderance of the evidence. It has been so long in use that many consider it a mere formality, but it is not so. It is no idle ceremony but its office is important and indeed indispensable in the administration of justice. It should be jealously guarded by the courts, for a trial without it would in many instances be a mockery, and in all instances unfair, resulting often in a miscarriage

of justice. But it is one of those rules which operates alike for the plaintiff and the defendant. That is, the burden is on the plaintiff to establish by a preponderance of the evidence the issues upon which he relies for a recovery; and likewise it is upon the defendant to establish his defenses to the plaintiff's alleged cause of action, by a preponderance of the evidence. So that when the court charges the jury he should apply the rule to the plaintiff's alleged cause of action, and then apply it also to the defendant's defense or defenses."

[13, 14] The court in this case submitted for determination by the jury 55 special issues. The burden was on appellees to establish some 35 or more of said issues by a preponderance of the evidence. A sufficient number of said issues have been hereinbefore set out to show that the burden imposed upon appellees by the charge of the court was insufficient. It was equally imperative that the burden of proof should have been imposed on appellees on various other issues not set out herein. The charge of the court on the burden of proof should have been sufficiently comprehensive as to have included all such issues. The court by the charge complained of imposed on appellees merely the burden of showing the conditions existing and their damages. He did not require them to show by a preponderance of the evidence or otherwise that appellant was responsible for the conditions that existed, nor that such conditions were the proximate cause of the damages sustained by them. Appellees were not relieved of the burden of proving these nor many other material issues submitted because appellant pleaded that the conditions existing in said creek were attributable to other causes, nor because the court charged the jury that the burden of proving the facts alleged in said plea by a preponderance of the evidence rested upon appellant. An insufficient charge on the burden of proof when properly objected to constitutes reversible error. Hamilton-Turner Grocery Co. v. Hander (Tex. Com. App.) 299 S. W. 848, 850. Because the charge of the court, over the objection of appellant, did not require appellees to prove material issues on which their recovery is based by a preponderance of the evidence, the judgment of the trial court must be reversed.

[15, 16] Appellant further objected to so much of said charges as imposed upon it the burden of proving by a preponderance of the evidence that the conditions alleged by appellees to have existed in Post Oak creek were caused by persons and things other than the maintenance and operation of its disposal plant and the sewage discharged by it into said creek through said plant or otherwise. It was not necessary for appellant to plead that the acts of other parties caused or contributed to the nuisance complained of. Testimony tending to sustain such contention was admissible under its general denial. San Antonio Mach. & Supply Co. v. Central Texas P. & T. Co. (Tex. Civ. App.) 295 S. W. 229, 232; Texas & P. Ry. Co. v. Perkins (Tex. Civ. App.) 284 S. W. 683, 686; Farmers' Gas Co. v. Calame (Tex. Civ. App.) 262 S. W. 546, 550; Corpus Christi Street & Interurban Ry. Co. v. Kjellberg (Tex. Civ. App.) 185 S. W. 430, 431; Tideman & Co. v. McDonald (Tex. Civ. App.) 275 S. W. 70, 75, and authorities there cited. Appellant, however, elected to interpose such contention as an affirmative defense by specific plea. It thereby assumed the burden of establishing the facts so alleged, and the court did not err in imposing such burden upon it by his charge. Boswell v. Pannell, supra.

The judgment of the trial court is reversed and the cause remanded.