IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

APRIL 1999 SESSION

FILED

July 15, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. No. 02C01-9810-CC-00319 |
| Appellee, | ) | |
| | ) | Decatur County |
| v. | ) | |
| | ) | Honorable C. Creed McGinley, Judge |
| JOHNNY LYNN CRUSE, | ) | |
| | ) | (Sentencing) |
| Appellant. | ) | |

FOR THE APPELLANT:

J. Michael Ivey
36 Tennessee Avenue South
P. O. Box 127
Parsons, TN  38363

FOR THE APPELLEE:

Paul G. Summers
Attorney General & Reporter

Georgia Blythe Felner
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243-0493

G. Robert Radford
District Attorney General
111 Church Street
P. O. Box 686
Huntingdon, TN  38344-0686

Jerry W. Wallace
Assistant District Attorney General
P. O. Box 637
Parsons, TN  38363-0637

OPINION FILED: _____

AFFIRMED PURSUANT TO RULE 20

L. T. LAFFERTY, SENIOR JUDGE

**O P I N I O N**

The appellant, Johnny Lynn Cruse, appeals as of right from the judgment of the Decatur County Circuit Court imposing a sentence of twenty-five years following his guilty plea to murder second degree. The appellant submits one appellate issue: whether the trial court erred in imposing the maximum sentence of twenty-five years as a Range I, violent offender.

After a review of the entire record, briefs of the parties, and appropriate law, we AFFIRM the trial court's judgment.

On February 16, 1998, the Decatur County grand jury indicted the defendant (Johnny Lynn Cruse), Daniel Lynn Matthews, and Terry Dale Miller for the premeditated murder of Thomas L. Hay on December 1, 1997. On May 7, 1998, the defendant, in the presence of his attorney, entered a plea of guilty to the reduced offense of murder second degree and requested that the trial court determine the appropriate sentence. The trial court ordered a presentence report.

At the sentencing hearing on June 22, 1998, the defendant testified he did not wish to call any witnesses, nor did he wish to testify. The presentence report was submitted to the trial court for consideration of the appropriate sentence. After the defendant's arrest, he gave a statement to the Decatur County Sheriff's Department, which was incorporated into the presentence report. Prior to the shooting, the defendant, Daniel Matthews, and Terry Miller were at a friend's house drinking beer. Miller started talking about how some guy had "f----- them." The defendant did not know who they were talking about. After riding around, they arrived at "Hook's" house. Matthews had a rifle, and he and Miller cleaned the bullets with Windex and loaded the rifle. They drove up the victim's driveway. Miller went up to the house, returned to the car, and told Matthews to "go do it. . . . He's sitting in the chair. Go do it or we'll leave." Matthews got out, walked up to the house, and fired several shots through the door. The defendant drove off, but stopped down the road, and all three returned to the house, where Miller took some rocks and arrowheads.

Matthews took two long guns, a lever-action rifle, and something in a "zip-up" bag. The defendant admitted that he knew "we were going to kill that man. . . . My only participation was that I was driving them around, went back to the house after the man was dead, and talked to them about not parking down the road, when the planning was going on."

The State submitted three enhancement factors for the purpose of enhancing the defendant's sentence: (1) the defendant has a previous history of criminal convictions or criminal behavior; (2) the defendant was a leader in the commission of an offense involving two or more criminal actors; and (3) the defendant possessed or employed a firearm in the commission of the offense. Tenn. Code Ann. § 40-35-114(1), (2), and (9). The trial court found enhancement factors (1) and (9) applicable. The defendant stipulated there were no mitigating factors, but took issue that he was a leader in the commission of the offense. The trial court rejected the application of factor (2), the defendant was a leader in the commission of the offense. In the absence of any mitigating factors, the trial court imposed the maximum sentence within Range I for murder second degree at twenty-five years in the Department of Correction.

When the accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a **de novo** review of the sentence with a presumption of correctness that the determinations made by the trial court are correct. Tenn. Code Ann. 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby,* 823 S.W.2d 166, 169 (Tenn. 1991).

When conducting a **de novo** review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. *State v. Smith,* 735

3

S.W.2d 859, 863 (Tenn. Crim. App. 1987); Tenn. Code Ann. §§ 40-35-102, -103, -210.

From a review of the record, the trial court followed the sentencing principles of the Tennessee Criminal Sentencing Reform Act of 1989, thus this review is **de novo** with a presumption of correctness. As part of his argument, the defendant contends that the trial court should have applied the following mitigating factors: (4) the defendant played a minor role in the commission of the offense; and (10) the defendant assisted the authorities in locating and recovering the gun and stolen property. Tenn. Code Ann. § 40-35-113(4) and (10). From our review of the record, we have been unable to find any evidence in support of factor (10), Tenn. Code Ann. § 40-35-113. In denying the State's request to apply enhancement factor (2), Tenn. Code Ann. 40-35-114, namely, that the defendant was a leader in the commission of the offense, the trial court found the evidence was not clear as to which of the three defendants was the "leader" of the offense. However, the evidence was clear that "there was substantial involvement by all" of the defendants. Thus, the trial court was not in error for failing to apply mitigating factor (4), Tenn. Code Ann. § 40-35-113.

The trial court found that the defendant was an offender whose record of criminal activity is extensive. *See* Tenn. Code Ann. § 40-35-115(b)(2) (1997). The record of the defendant's prior criminal history and behavior is uncontroverted and more than adequately supports the trial court's conclusion. The sentence imposed by the trial court reasonably relates to the severity of this offense and was necessary to protect society from the defendant's criminal activity. *State v. Wilkerson,* 905 S.W.2d 933, 938 (Tenn. 1995). If appellate review reflects that the trial court properly considered all relevant factors and its findings of fact are adequately supported in the record, this Court must affirm the sentence, "even if we would have preferred a different result." *State v. Fletcher,* 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

The judgment of the trial court is affirmed pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.

4

_____
L. T. LAFFERTY, SENIOR JUDGE


CONCUR:



_____
JOSEPH M. TIPTON, JUDGE



_____
DAVID G. HAYES, JUDGE